92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J. SCHIMMENTI; John J. Schimmenti, Inc., a
professional corporation, Plaintiffs-Appellants,
v.
The TRAVELERS INSURANCE COMPANY, a corporation; Phoenix
Insurance Company, a corporation, Defendants-Appellees.
 No. 94-56476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided July 31, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John J. Schimmenti and the law firm of John J. Schimmenti, Inc. (jointly, "Schimmenti"), appeal from the district court's entry of summary judgment in favor of The Phoenix Insurance Company ("Phoenix"), arguing that genuine issues of material fact exist with respect to Phoenix's obligation under a professional liability insurance policy ("Policy"), issued in 1976, to defend and indemnify Schimmenti in a malpractice action filed in 1990. We review de novo, see Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 313 (9th Cir.1996), and we affirm.
 
 
 4
 Schimmenti argues that he committed malpractice during the brief time the Policy was in effect (i.e., by not telling his clients that if they won on their inverse condemnation claims they would lose part of their property to easements, and by being dilatory in not filing semi-annual administrative damage claims), and that Phoenix breached the Policy by refusing to defend and indemnify him. Schimmenti also contends that Phoenix's refusal caused the settlement of the underlying malpractice action to be delayed, resulting in additional defense and settlement costs to him in both the underlying and an unrelated malpractice action.
 
 
 5
 The Policy is an occurrence-type insurance contract, and its coverage "applies only to acts or omissions committed ... during the policy period," i.e., between October 14, 1976, and February 6, 1977. This language is unambiguous, and must be understood in its ordinary meaning. See Travelers Ins. Co. v. National Union Fire Ins. Co., Inc., 255 Cal.Rptr. 727, 732 (Cal.Ct.App.1989). Dilatoriness that rises to the level of negligence can qualify as an "occurrence" if the resultant harm becomes irremediable during the Policy period. See Chamberlin v. Smith, 140 Cal.Rptr. 493, 497 (Cal.Ct.App.1977).
 
 
 6
 The underlying malpractice action was not based on any dilatoriness that became irremediable during the Policy period. Both the first and second amended complaints in the underlying malpractice action focus on Schimmenti's post-May 1986 conduct, and in particular his execution of the so-called Agreed Statement in February 1987, some ten years after the Policy had expired. Moreover, the declaration of plaintiffs' counsel in the underlying malpractice action unequivocally rules out any basis for a claim of legal malpractice against Schimmenti dating back to 1976-77. Against this well supported motion for summary judgment, Schimmenti's subsequent allegations of professional negligence appear self-serving and are unsupported by the record.
 
 
 7
 Phoenix had no obligation to defend or indemnify Schimmenti in the underlying malpractice action, and cannot be held liable for any delay in the settlement thereof. Because we find no merit to any of Schimmenti's remaining arguments, the decision appealed from is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3